962 A.2d 482

GARVIN MCKNIGHT, PLAINTIFF–APPELLANT, v. OFFICE OF THE PUBLIC DEFENDER AND KEVIN WALSHE, ESQ., DEFENDANTS–RESPONDENTS. AND JOHN DOES, ESQS., 1–10 AND JANE DOES, ESQS., 1–10 A FICTITIOUS DESIGNATION FOR PRESENTLY UNKNOWN LICENSED ATTORNEYS, PROFESSIONALS AND/OR UNKNOWN PERSONS OR ENTITIES, DEFENDANTS.

Argued October 21, 2008—Decided November 26, 2008.

*Kenneth S. Thyne* argued the cause for appellant (*Roper & Twardowsky,* attorneys; *Angela M. Roper,* of counsel).

*Karen L. Jordan,* Deputy Attorney General, argued the cause for respondents .(*Anne Milgram,* Attorney General of New Jersey, attorney; *Melissa H. Raksa,* Deputy Attorney General, of counsel).

PER CURIAM.

█ We reverse the appellate panel's judgment substantially for the reasons given by Judge Stern in his dissenting opinion and therefore reinstate plaintiff's malpractice action. Accordingly, in a legal malpractice action brought by a defendant against the attorney who represented him in a criminal case, the statute of limitations does not begin to run until the defendant receives relief in the form of exoneration. *McKnight v. Office of the Pub. Defender,* 397 *N.J.Super.* 265, 295–301, 936 *A.*2d 1036 (App.Div. 2007). Judge Stern noted that exoneration "might be vacation of a guilty plea and dismissal of the charges, entry of judgment on a lesser offense after spending substantial time in custody following conviction for a greater offense or any disposition more beneficial to the criminal defendant than the original judgment." *Id.* at 298, 936 *A.*2d 1036. Judge Stern also emphasized that "defendant has to be exonerated to the point of being able to show some injury caused by the alleged malpractice whether that relief is dismissal of the charges, acquittal on retrial, conviction of a lesser included offense or otherwise. . . ." *Id.* at 300–01, 936 *A.*2d 1036.

█ We add the following. In those cases in which a criminal defendant files a petition for post-conviction relief (PCR) alleging ineffectiveness of counsel, affirmative relief through some form of exoneration may not occur until many years later. Given the statute of limitations governing malpractice actions, much time

may elapse after exoneration before the filing of a malpractice action. Basic notions of fairness dictate that an attorney who is the subject of a claim of ineffectiveness of counsel in a PCR petition, and who may be subject to a future malpractice lawsuit, should receive notice as soon as practicable under the circumstances.

■ That leads us to the following conclusion. When a PCR petition alleging ineffectiveness of counsel is filed, a copy of that petition should also be forwarded to the attorney whose performance has been placed in question. In cases in which the attorney is employed by the Public Defender's Office or a law firm, those entities should receive notice as well because they too may be subject to suit. That approach will not only place the attorneys and the appropriate entities on notice of a potential lawsuit, but also allow for the retention of files related to the case. Our court rules provide that a PCR petition must be "file[d] with the criminal division manager's office of the county in which the conviction took place[,]" *R.* 3:22-1, that the petition must be transmitted to the appropriate county prosecutor, *R.* 3:22-7, and that notification of the petition's filing must be given to the Assignment Judge or the Assignment Judge's designee, *ibid.* Likewise, we believe that our court rules should provide for the transmittal of a copy of the PCR petition to the attorney who is alleged to have denied his client the effective assistance of counsel and to the office or entity where he was employed at the time of his representation of the criminal defendant.

We refer this matter to the New Jersey Supreme Court Criminal Practice Committee to draft for our approval an appropriate rule consistent with this opinion.

*For reversal*—Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, WALLACE RIVERA-SOTO and HOENS—7.

*Opposed*—None.